IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ALVIN PENNUE,<br>    Defendant. | )<br>)<br>)<br>)   CR. NO. 12-59-M<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendant Alvin Pennue brings before the Court two motions in limine. (ECF Nos. 59, 64.) In the first, he seeks to limit the Government's introduction of (a) references to a false Texas driver's license and (b) references to firearms and/or unrelated illegal activity.[1] The second motion in limine seeks to exclude two of the Government's exhibits. For the reasons stated below, Mr. Pennue's first motion (ECF No. 59) is GRANTED and his second motion (ECF No. 64) is DENIED.

A.  **FIRST MOTION IN LIMINE**

In his first motion, Mr. Pennue seeks to exclude a Texas driver's license in the name of a different person that the police found in his wallet at the time of his arrest. Mr. Pennue asserts that the license should be excluded as both irrelevant to the charges in this case under Fed R. Civ. P. 402 and prejudicial under Fed. R. Civ. P. 403. The Government objects, asserting that the license is "probative of the defendant being prepared to use deception to hide his true identity

---

[1] The Government does not object to Mr. Pennue's motion on the firearms and asserts that it does not intend to introduce evidence of firearms or other unrelated illegal activity. Therefore, the Court grants Mr. Pennue's motion in limine on this matter.

because he was engaged in several fraudulent schemes where he [used] a fictitious name." (ECF No. 63 at 2.)

Federal Rules of Evidence 401 and 402 govern relevant evidence and the admissibility of such evidence. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pursuant to Rule 402, "[e]vidence which is not relevant is not admissible." *See Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012). The Court finds that the driver's license in Mr. Pennue's possession at the time the police arrested Mr. Pennue is of questionable relevance particularly because there is no evidence of a connection between the name on the driver's license and any name that the Government alleges Mr. Pennue used as part of the criminal activity that is the subject of this indictment. The license is therefore irrelevant under Rule 401 and inadmissible under Rule 402.

Mr. Pennue also argues prejudice. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Bunchan*, 580 F.3d 66, 71 (1st Cir. 2009). Because the Court has found that the license is not relevant, it need not go further in its consideration; however, even if the Court were to find the Texas license marginally relevant, Rule 403 counsels its exclusion because of its tendency to confuse the jury and the likelihood of unfair prejudice against Mr. Pennue.

For these reasons, Plaintiff's Motion in Limine (ECF No. 59) is GRANTED.

B.     SECOND MOTION IN LIMINE

Mr. Pennue next asks the Court to exclude certain cell phone records because they are unreliable and were produced belatedly in violation of Rule 16. The Government objects, arguing that Mr. Pennue's argument that the records are unreliable are premature and nevertheless, he has failed to meet his burden to show that the records are unreliable, and the Government did not violate Rule 16 by providing the records the day before trial.

These documents, identified as GX 25 and GX 33, appear to be business records kept in the ordinary course of business and the Government avers that it will seek to introduce these records through a custodian. The Court finds Mr. Pennue's record exclusion argument to be premature in light of the Government's assertion that it intends to introduce these records through a custodian. Moreover, his motion is somewhat hollow because he fails to assert the basis for the records' unreliability under Fed. R. Civ. Pro. Rule 803(6). *See United States v. Vigneau*, 187 F.3d 70, 75 (1st Cir. 1999).

It is difficult to ascertain the basis for Mr. Pennue's Rule 16 argument and whether it pertains to the email the Government provided him with on April 1, 2013 from a custodian of records to a Secret Service Agent; however, in light of the one month delay in the start of trial, the Court does not find that Mr. Pennue suffered any unfair prejudice. Therefore, Mr. Pennue's second motion in limine is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

May 14, 2013